SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ,
RESIDENT JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5263

July 24, 2024

Unique Smith
SBI #00792804
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re: *State of Delaware v. Unique Smith,* Def. ID No. 2009007545
    Third Motion for Appointment of Postconviction Counsel

Dear Mr. Smith:

On October 6, 2021, after a colloquy with me, you entered a guilty plea to charges of Manslaughter and Possession of a Firearm During the Commission of a Felony ("PFDCF"). On November 29, 2021, I sentenced you to 25 years at Level 5 for the Manslaughter offense, suspended after 12 years for decreasing levels of supervision, and 25 years at Level 5 for the PFDCF offense, suspended after 10 years for decreasing levels of supervision.

On February 17, 2022, you timely filed a Motion for Reduction of Sentence (the "Sentence Motion") under Superior Court Criminal Rule 35(b), asking that I

reduce your Level 5 time to between 8 and 12 years. On April 18, 2002, I denied this Sentence Motion, and the Delaware Supreme Court affirmed my decision on March 1, 2023.

On July 24, 2023, you filed your first *pro se* Motion for Postconviction Relief (the "First Rule 61 Motion") with me under Delaware Superior Court Criminal Rule 61. In the First Rule 61 Motion, you made certain allegations about ineffective assistance of counsel with respect to your representation by Benjamin S. Gifford, IV, Esquire ("Trial Counsel"). On July 26, 2023, you filed a First Motion for Appointment of Postconviction Counsel (the "First PCC Motion") in connection with the First Rule 61 Motion. On August 7, 2023, I denied both First Motions.

On May 28, 2024, you filed your second *pro se* Motion for Postconviction Relief (the "Second Rule 61 Motion") with me under Delaware Superior Court Criminal Rule 61. In the Second Rule 61 Motion, you made certain allegations about ineffective assistance of counsel with respect to your representation by Trial Counsel. Specifically, you argue that Trial Counsel failed to timely file a direct appeal with the Delaware Supreme Court, and that you were unaware of this failure until you filed the First Rule 61 Motion. On May 28, 2024, you also filed a Second Motion for Appointment of Postconviction Counsel (the "Second PCC Motion") in connection with the Second Rule 61 Motion. On May 31, 2024, I denied both Second Motions.

On July 5, 2024, you filed your Third Motion for Appointment of Postconviction Counsel (the "Third PCC Motion"). Nothing has changed with respect to the facts and the law since your first two PCC Motions, and I deny the Third PCC Motion for the reasons I have stated in previous letter Orders.

Your Third Motion for Appointment of Postconviction Counsel is summarily dismissed[i] and **DENIED**.

It is so **ORDERED**.

Very truly yours,

/s/ Craig A. Karsnitz

cc:     Prothonotary
        Kathleen Dickerson, Esquire, Deputy Attorney General

---

[i] Under Super. Ct. Crim. R. 61(d)(5).